# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Antonio Godwin El,<br><br>　　　　　Defendant. | No. CR-23-2465-TUC-RM (LCK)<br><br>**REPORT AND RECOMMENDATION** |

　　　Pending before the Court is Defendant Godwin El's May 12, 2025, "Judicial Notice." (Doc. 132.) The government filed a Response to Pro Se Defendant's "Judicial Notice" which the Government Liberally Construes as a Motion to Dismiss the Superseding Indictment. (Doc. 133.) Defendant did not reply. As Defendant is pro se, the Court likewise will construe liberally his filing as a motion to dismiss. The Court determines oral argument is not necessary. This Report and Recommendation is the result of a referral pursuant to LRCrim 57.6.

　　　Defendant appears to argue that Count 8 of the Superseding Indictment should be dismissed for failure to state an offense presumably pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v). The government contends that Count 8 of the Indictment states an offense against Defendant, and he is improperly asking for a pretrial determination of the sufficiency of the evidence. Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted on one count of Conspiracy to Distribute Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(vi). (Doc. 24.) Count 8 reads:

> From on or about March 29, 2024 to on or about April 10, 2024, in the District of Arizona and elsewhere, **SHAQUILLE ABDULLAH ASH-SHADI, DAVID DEMETRIC WHITE a.k.a. Tony,** and **ANTONIO GODWIN El**, named herein as defendants and co-conspirators, did knowingly and intentionally combine, conspire, confederate and agree together and with other persons known and unknown to distribute 400 grams or more of a mixture or substance that contained a detectable amount of fentanyl, a Schedule II controlled substance.

(*Id.* at 3-4.)

In his Notice, Defendant requests "on behalf of the entity known as Antonio Godwin . . . the beneficiary of that Estate, Employer Identification Number . . . to settle and discharge this presentment, CR-23-2465-TUC-RM (LCK) Count 8 and expunge, seal and return the charges to me Antonio Godwin El, the living man." (Doc. 132 at 1.) The Defendant also requests "to be immediately released from custody . . . returned to my family" and "[a] plane ticket back to Detroit, Michigan." (*Id.* at 3.) Further, he demands a check be made out to Antonio Godwin El from the Assistant U.S. Attorney in the amount of $15,000,000. (*Id.*) The government interprets some of these requests as a motion to dismiss the criminal charges. The Court does the same.

## II. DISCUSSION

As an initial matter, Defendant is making an argument that he is not subject to federal jurisdiction as a result of his self-identification as an "entity," "living man," "estate," "employer identification number," or "beneficiary." Courts have recognized this terminology as arising from sovereign citizen ideology. *See Newson v. Chen*, No. 2:24-CV-00558-DAD-AC (PS), 2025 WL 1125251, at *1 (E.D. Cal. Apr. 16, 2025). It is well settled that "'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Clarke v. Allen*, No. 3:17-cv-00582-MMD-WGC, 2020 WL 3510921, at *2 (D. Nev. June 29, 2020) (quoting *Paul v. New York*, No. 13-CV-5047 (SJF)(AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013)). "Sovereign citizen" theories or arguments are not established law in any court or legal system within the United

States. *Id.*; *see also United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). Courts have repeatedly rejected theories of individual sovereignty and immunity from prosecution. *Benabe*, 654 F.3d at 767; *see United States v. Burke,* 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdictional bounds of the district court); *United States v. Sloan,* 939 F.2d 499, 500-01 (7th Cir. 1991); *United States v. Schneider,* 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *United States v. Phillips,* 326 F. App'x. 400, 400 (7th Cir. 2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily; however, they are presented." *Benabe*, 654 F.3d at 767. Arguments based on sovereign citizen ideology have been "consistently and thoroughly rejected by every branch of the government for decades." *See United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). Because Defendant's arguments based on his status as a "living man" or other sovereign citizen label have no legal foundation, the Court follows the consensus and rejects them.

Next, Defendant appears to argue that Count 8 of the Superseding Indictment fails to state an offense with respect to him and, therefore, should be dismissed. At Defendant's *Faretta* hearing (Docs. 123, 128), he discussed and argued that the government disclosure referenced an unidentified male or Antonio Godwin as opposed to Antonio Godwin El. As the government in its Notice response and the Court at the *Faretta* hearing explained to Defendant, this description in the disclosure is of no legal consequence to his criminal case. What matters is whether the government, at trial, can prove beyond a reasonable doubt through admissible evidence that Defendant committed the crime alleged in Count 8 of the

Superseding Indictment, regardless of how Defendant identifies himself. (Doc. 133 at 2.) The government argues that Count 8 is sufficient on its face, and Defendant is precluded from challenging a valid indictment on the ground that the allegations are not supported by adequate evidence, as trial is the proper venue for such a challenge. (*Id.*)

First, Defendant's motion is dependent, at least in part, on the Court considering the evidence contained in the government's disclosure. "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (stating that the court may not consider evidence not included in the indictment) (quoting *United States v. Marra*, 481 F.2d 1196, 1199-1200 (6th Cir. 1973)). The Court must "accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Boren*, 278 F.3d at 914. A defendant "may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *Jensen*, 93 F.3d at 669 (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)). The evidence cited by Defendant from outside the indictment cannot be considered as to Defendant's Rule 12 motion.

Second, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It will be deemed sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend" and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004) ("an indictment setting forth the elements of the offense is generally sufficient" to survive a motion to dismiss); *see also United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) ("In the Ninth Circuit, 'the use of a "bare bones" information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to

be punished.'"). A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The issue of identity as raised by Defendant, however, is a question of fact rather than law. And Defendant does not dispute his name appears in the Superseding Indictment.

An indictment for conspiracy under 21 U.S.C. § 846 "is sufficient if it alleges: a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy." *United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010) (quoting *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981)). In the present case, Count 8 of the Superseding Indictment clearly sets forth the elements of the offense, that between specific dates in the District of Arizona and elsewhere, two or more persons (three conspirators including Defendant) "knowingly and intentionally combined, conspired, confederated and agreed together to distribute 400 grams or more of a substance that contained fentanyl." (Doc. 24.) The Court finds that Count 8 alleges all the elements of the offense and meets the applicable legal standards.

### III. RECOMMENDATION

It is recommended that, after its independent review of the record, the District Court deny Defendant's "Judicial Notice"/Motion to Dismiss (Doc. 132). Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 30th day of May, 2025.

Honorable Lynnette C. Kimmins
United States Magistrate Judge