**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-02465-009-TUC-RM (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Antonio Godwin El, | |
| Defendant. | |

Count Eight of the Superseding Indictment in the above-captioned matter charges Defendant Antonio Godwin El with conspiracy to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vi), and 846.  (Doc. 24.)  At a hearing held on April 30, 2025, Defendant waived his right to counsel and elected to represent himself.  (Doc. 128.) Defendant thereafter filed a pro se document titled "Judicial Notice," in which he appears to argue that the issuance of an employer identification number differentiates "the entity" known as Antonio Godwin from the "living man" known as Antonio Godwin El.  (Doc. 132.)  Defendant also appears to argue that he is not a person as that term is defined in 21 U.S.C. § 846.  (*Id.*)  Defendant seeks "to be immediately released from custody" and returned to his family, to be provided a plane ticket for a flight to Detroit, and to be awarded $15,000,000.  (*Id.*)

Due to the nature of the relief that Defendant requested, the Government and Magistrate Judge Lynette C. Kimmins liberally construed Defendant's filing as a motion to dismiss.  (*See* Docs. 133, 148.)  Magistrate Judge Kimmins issued a Report and

1  Recommendation ("R&R"), recommending that this Court deny the motion to dismiss
2  because Count Eight of the Superseding Indictment sufficiently alleges the elements of the
3  offense, Defendant's name appears in Count Eight, and any issues of identity are questions
4  of fact that cannot be resolved on a motion to dismiss.  (Doc. 148.)
5        Defendant filed an Objection, arguing that the Government and Magistrate Judge
6  Kimmins misconstrued his filing as a motion to dismiss when the filing actually sought
7  judicial notice under Federal Rule of Evidence 201.  (Doc. 155.)

## I.  Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation"). Failure to object to the findings and recommendations of the magistrate judge "waives a party's right to review."  Fed. R. Crim. P. 59(b)(2).

## II.  Discussion

Magistrate Judge Kimmins's R&R correctly finds that Count Eight of the Superseding Indictment is sufficient on its face, and that Defendant's filing titled "Judicial Notice" provides no basis for dismissal of Count Eight against Defendant.  Furthermore, Defendant did not object to these findings and has thus waived his right to review of them.

To the extent Defendant is seeking judicial notice rather than dismissal of the indictment, he has failed to show that judicial notice is appropriate.  Under Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Defendant has failed to identify any fact that is not subject to reasonable dispute.

. . . .

. . . .

**IT IS ORDERED** that Defendant's Objection (Doc. 155) is **overruled**, and Magistrate Judge Kimmins's Report and Recommendation (Doc. 148) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Defendant's filing titled "Judicial Notice" (Doc. 132) is **denied**.

Dated this 1st day of July, 2025.

_____
Honorable Rosemary Márquez
United States District Judge